[738 NYS2d 239]

In the Matter of MICHAEL JAY SCHLUSSEL, an Attorney, Resignor.

Second Department, February 19, 2002

## APPEARANCES OF COUNSEL

*Peter L. Blodnick, P.C.,* Williston Park, for resignor.

*Robert P. Guido,* Syosset (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Michael Jay Schlussel has submitted an affidavit, dated November 7, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Schlussel was admitted to the bar at a term of the Appellate

Division of the Supreme Court in the Second Judicial Department on December 14, 1988.

Mr. Schlussel acknowledged that evidence of his professional misconduct has been adduced by the Grievance Committee's ongoing investigation and that the Committee would recommend that this Court authorize a disciplinary proceeding against him. From approximately February 1998 through July 1999, Mr. Schlussel was entrusted with client funds relating to several real estate and loan transactions, which were supposed to be held in escrow. During that time, Mr. Schlussel concededly failed in his obligation to properly maintain and preserve at least $350,000 of escrow funds.

Mr. Schlussel further acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges that would be initiated against him by the Grievance Committee based upon the facts and circumstances of his professional misconduct. Mr. Schlussel avers that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress.

Mr. Schlussel has discussed his decision to resign with his attorney, as well as with others whose advice and counsel he respects. He is fully aware of the implications of submitting a resignation, including being barred from seeking reinstatement as an attorney for at least seven years.

The resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Schlussel acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. Mr. Schlussel has specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the resignation.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted and Mr. Schlussel is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and CRANE, JJ., concur.

Ordered that the resignation of Michael Jay Schlussel is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Jay Schlussel is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael Jay Schlussel shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Jay Schlussel is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.